# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

| | |
|---|---|
| U.S. SECURITIES AND EXCHANGE COMMISSION, <br><br> Plaintiff — Appellee, <br><br> v. <br><br> GPB CAPITAL HOLDINGS, LLC, <br><br> Defendant — Appellee, <br><br> UNITED STATES ATTORNEY'S OFFICE FOR THE EASTERN DISTRICT OF NEW YORK, <br><br> Intervenor, <br><br> v. <br><br> ASCENDANT ALTERNATIVE STRATEGIES, LLC; JEFFREY LASH, <br><br> Defendants, <br><br> ASCENDANT CAPITAL, LLC, ET AL., <br><br> Defendants — Appellants. | **Case Nos. 23-8010(L), 23-8035** <br> **(Consolidated)** |

## APPELLEE SECURITIES AND EXCHANGE COMMISSION'S REPLY IN SUPPORT OF MOTION TO LIFT THE STAY OF THE ORDERS APPOINTING A RECEIVER

In light of the criminal convictions in the United States' parallel action against the individual Defendants-Appellants, this Court should lift the stay of the district court's orders appointing a receiver to promote the expeditious return of funds to the investors that Defendants-Appellants defrauded. Defendants-Appellants provide no sound reason for a continued stay. Before Gentile and Schneider's criminal trial, Defendants-Appellants contended that a stay pending appeal was needed in part because the criminal trial was "less than six months away." C.A. Dkt. 18 at 2; *see id.* at 21, 23. And they opposed "any effort … to expedite this appeal" because "[t]he outcome of the criminal trial could impact this interlocutory appeal." C.A. Dkt. 39 at 2. Yet now, after a jury has unanimously convicted Gentile and Schneider on all counts, Defendants-Appellants contend that the verdicts have "no … bearing" on this appeal or the need for a stay. Opp. 16.[1]

---

[1] "Mot." refers to the Commission's motion to lift the stay of the orders appointing a receiver (C.A. Dkt. 75). "Opp." refers to Defendants-Appellants' opposition to the Commission's motion (C.A. Dkt. 79).

1

Defendants-Appellants' attempts to minimize the criminal verdicts have no basis in fact or law. Defendants-Appellants invoke supposed distinctions between the criminal and civil actions, and they assert that Gentile and Schneider intend to challenge their convictions. But Defendants-Appellants cannot avoid the substantial overlap in the core factual allegations underlying both cases. Nor can they seriously dispute that even non-final convictions can alter the relevant equities. And while Defendants-Appellants claim that the existing monitorship is sufficient, the monitorship has not resulted in a viable distribution plan, and the monitor has stated that a receivership would facilitate the return of funds to investors. This Court should lift the stay to minimize any further delay in returning funds to the victims of Defendants-Appellants' fraud.[2]

---

[2] The Court should reject Defendants-Appellants' request that the Court further delay the resolution of this appeal and appointment of a receiver by ordering the parties to engage in mediation before deciding the Commission's motion or the merits of Defendants-Appellants' appeal. Opp. 25-26. Moreover, the Commission disagrees with Defendants-Appellants' characterization of the parties' discussions about the Commission's motion to lift the stay and about settlement negotiations. But in any event, those discussions are irrelevant to the Court's resolution of the motion to lift the stay.

## Argument

A stay pending appeal is "an exercise of judicial discretion" rather than "a matter of right," and "[t]he party requesting a stay bears the burden of showing that the circumstances justify an exercise of that discretion." *Nken v. Holder*, 556 U.S. 418, 433-34 (2009) (citation omitted); *see also Tecnimed SRL v. Kidz-Med, Inc.*, 462 F. App'x 31, 35 (2d Cir. 2012) (party seeking stay bears the "burden to demonstrate its entitlement to a stay pending appeal"). Defendants-Appellants' opposition confirms that they cannot meet their burden. Particularly in light of Gentile and Schneider's convictions, Defendants-Appellants fail to demonstrate that any of the relevant factors favors a continued stay of the orders appointing a receiver.

***Likelihood of success on the merits.*** The criminal verdicts further underscore that Defendants-Appellants are unlikely to succeed in their appeal of the orders appointing a receiver. As the Commission demonstrated (Mot. 11-13), Defendants-Appellants' principal argument in support of a stay and in their merits briefs has been that the district court erred in imposing a receivership without finding that the Commission is likely to succeed on its securities-fraud claims. But a

3

jury has now unanimously found Gentile and Schneider criminally liable for violating the securities laws based on conduct that also underlies the Commission's civil enforcement action.

Defendants-Appellants never dispute that this Court can consider the criminal convictions in deciding whether to lift the stay. Instead, they assert that the jury's verdict "should be afforded little if any weight" for several reasons (Opp. 19), but none withstands scrutiny.

First, Defendants-Appellants contend that the convictions have "no preclusive effect" because Gentile and Schneider have not yet been sentenced, and they intend to challenge the verdicts through district-court motions and on appeal. Opp. 15-16. Defendants-Appellants do not explain what arguments they intend to raise in those motions, much less attempt to show they are likely to prevail on those arguments. Regardless, Defendants-Appellants err in placing undue focus on whether the convictions would presently give rise to collateral estoppel. Courts have "broad equitable discretion" in determining whether to appoint a receiver. *SEC v. Malek*, 397 F. App'x 711, 713 (2d Cir. 2010); *see SEC v. Am. Bd. of Trade, Inc.*, 830 F.2d 431, 436 (2d Cir. 1987). Moreover, this Court has held that a related "criminal case" can be

4

considered in appointing a receiver, even absent any "preclusive effect" from the criminal verdict. *United States v. Ianniello*, 824 F.2d 203, 207-08 (2d Cir. 1987) (district court properly "consider[ed] the criminal proceeding" in appointing a receiver even though owner of relevant business "was acquitted in the criminal prosecution"). Defendants-Appellants cite no authority prohibiting a court from considering a non-final conviction in a parallel criminal action in exercising its discretion to appoint a receiver.

Second, Defendants-Appellants wrongly assert that the parallel criminal action and the Commission's civil suit are "materially different." Opp. 16-20. As the United States explained in its motion to intervene in and stay the Commission's case, "there is substantial overlap in the core factual allegations underlying" the civil action and "the factual questions that likely will be resolved in the Criminal Case." Civ. D. Ct. Dkt. 32-1 at 7. And while Defendants-Appellants contend that the government "narrowed the scope of its case" at trial (Opp. 17), the transcript passage they cite confirms that the Commission's action involves at least some of the same misrepresentations at issue in the criminal trial. *Compare* Civ. D. Ct. Dkt. 1 ¶ 37d (Commission

5

complaint alleging that defendants falsely stated in private placement memoranda that GPB Capital had "no present plans" to include invested capital in distributions to investors), *with* Opp. Ex. A at 6896:24-6897:17 (government counsel discussing same statements in summation at criminal trial). Thus, even if the civil action is broader than the criminal case in some respects, as Defendants-Appellants contend (Opp. 16-17), the criminal convictions remain strong evidence that the Commission is likely to succeed in establishing liability.[3]

Third, Defendants-Appellants hint at various additional defenses that they claim they intend to raise in the civil action. Opp. 18. But Defendants-Appellants again make no effort to show they are likely to succeed on those defenses. Regardless, even in the preliminary-injunction context, the plaintiff need not negate every "affirmative defense" on which the defendant "bears the burden of proof" in order to establish a likelihood of success. *Gonzales v. O Centro Espirita*

---

[3] Defendants' reliance (Opp. 18) on *In re Bogdanovich*, 292 F.3d 104 (2d Cir. 2002), is misplaced. That case considered the collateral estoppel effect of a related jury verdict in determining whether to lift the automatic stay upon filing of a bankruptcy petition. *See id.* at 112. In that context—unlike here—the party seeking to *lift* the stay bears the burden to establish "cause" to lift the stay. *Id.* at 110; *compare Nken*, 556 U.S. at 433-34.

*Beneficente Uniao do Vegetal*, 546 U.S. 418, 429 (2006). Thus, whatever the relevance of the plaintiff's likelihood of success in determining whether to appoint a receiver (*see* C.A. Dkt. 56 at 40-43), Gentile and Schneider's convictions in the substantially overlapping criminal case confirm the propriety of the appointment of a receiver here.

***Irreparable harm absent a stay.*** Defendants-Appellants fail to show they would be irreparably harmed without a continued stay. Defendants-Appellants continue to insist that Gentile would suffer irreparable harm from "[t]he sale of GPB's remaining portfolio companies." Opp. 22. But Defendants-Appellants do not dispute that nearly all of GPB Capital's operating assets have already been sold (Mot. 14), and they do not explain why liquidation of any remaining operating assets would cause additional harm to Gentile—much less irreparable harm. Further, although Defendants-Appellants assert that Gentile is the "sole owner … of GPB" (Opp. 21), the funds held by GPB Capital belong to the defrauded investors—not Gentile—and Gentile cannot show irreparable harm from the return of those funds to investors. Nor do Defendants-Appellants attempt to explain why their

7

opportunity to object to a distribution plan once the receiver has proposed one does not suffice.

Defendants-Appellants also repeat their flawed claims that they would suffer harm because the receiver would be authorized to waive GPB Capital's privileges. Opp. 22-23. But Defendants-Appellants still offer no support for their assertion that the receiver's waiver authority would allow the government in the criminal case or the Commission in the civil case to "achieve a tactical advantage in those matters." Opp. 23. And Defendants-Appellants continue to ignore that GPB Capital—not any of Defendants-Appellants—owns the privilege and may waive it or not as it deems appropriate. *See* Mot. 14.

***Public interest.*** Defendants-Appellants cannot show that a continued stay would serve the public interest. Delaying the appointment of the receiver postpones the ultimate return of funds to defrauded investors, many of whom have not had access to their funds since 2018. *See* Civ. D. Ct. Dkt. 1 ¶ 2.

Defendants-Appellants' only response is to assert that the monitor can "propose a distribution plan, or approve a distribution plan proposed by GPB," even absent a receivership. Opp. 24. But as the

monitor has explained, the existing monitorship has "proved incapable of achieving a viable, timely plan of distribution" because GPB Capital management have been unable to propose a distribution plan, and the operative monitorship order does not authorize the monitor to "propose and/or implement a distribution plan" himself. Civ. D. Ct. Dkt. 90 ¶¶ 25-27. By contrast, the monitor has stated that he would be prepared to propose a claims process and distribution plan within 45 days of his appointment as receiver. *Id.* ¶ 28. And the district court has expressly found that, despite the monitorship, a receivership is warranted in light of Gentile's past interference in GPB Capital's corporate governance and the fact that "GPB's management and Gentile have proven unable to agree or work together to implement GPB's future strategy." Civ. D. Ct. Dkt. 186 at 19-21, 31. Appointment of the receiver thus would serve the public interest by facilitating the return of funds to the victims of Defendants-Appellants' fraud.

## Conclusion

For the reasons above and those stated in the Commission's motion, the Court should lift the stay of the orders appointing a receiver.

9

Dated: September 16, 2024        Respectfully submitted,

<div style="margin-left: 3em;">

<u>/s/ Morgan Bradylyons</u>
MORGAN BRADYLYONS
Bankruptcy Counsel

Securities and Exchange Commission
100 F Street NE
Washington, D.C. 20549-9040
(202) 551-7926
Bradylyonsm@sec.gov

</div>

## CERTIFICATE OF COMPLIANCE

This motion complies with the type-volume limitation of Federal Rule of Appellate Procedure 27(d)(2)(C) because it contains 1,756 words. This motion complies with the typeface requirements of Federal Rule of Appellate Procedure 32(a)(5) and the type-style requirements of Federal Rule of Appellate Procedure 32(a)(6), as required by Federal Rule of Appellate Procedure 27(d)(1)(E), because it has been prepared in a proportionally spaced typeface using Microsoft Office Word in 14-point Century Schoolbook font.

/s/ Morgan Bradylyons
MORGAN BRADYLYONS
Bankruptcy Counsel

Securities and Exchange Commission
100 F Street NE
Washington, D.C. 20549-9040
(202) 551-7926
Bradylyonsm@sec.gov

11

## CERTIFICATE OF SERVICE

I hereby certify that on September 16, 2024, I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Second Circuit by using the Appellate Case Management System. I further certify that service will be accomplished by the Appellate Case Management System.

/s/ Morgan Bradylyons
MORGAN BRADYLYONS
Bankruptcy Counsel

Securities and Exchange Commission
100 F Street NE
Washington, D.C. 20549-9040
(202) 551-7926
Bradylyonsm@sec.gov